UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIANG ZHANG,

Petitioner,

v.

FIELD OFFICE DIRECTOR ENFORCEMENT AND REMOVAL OPERATIONS, SAN FRANCISCO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT, et. al.,

Respondents.

No. 1:26-cv-01862-DAD-DMC-HC

FINDINGS AND RECOMMEDNATIONS

Petitioner, an immigration detainee proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed an answer, ECF No. 7, and Petitioner filed a reply, ECF No. 8.

Petitioner is a Chinese citizen who was ordered removed in 2013 but was granted withholding of removal and released on an order of supervision. See ECF No. 7-1, pgs. 1-2. Petitioner was re-detained on January 26, 2026. See id. Petitioner argues his re-detention violated the Immigration and Naturalization Act (INA) and his Due Process rights. See ECF No. 1, pgs. 11-12. Respondents argue Petitioner's revocation of supervised release was in accordance with the statue because Petitioner was informed his release was being revoked because there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future and he

1

was provided an informal interview. See ECF No. 7, pgs. 2-3. Respondents provide the letter which informed Petitioner of the revocation of his parole. ECF No. 7-1, pgs. 6-7.

The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C. § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of any order of removal. 8 U.S.C. § 1231(a)(1). However, once that time passes and after "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," the noncitizen must be released. Zadvydas v. Davis, 533 U.S. 678, 699 (2001). Upon release, a noncitizen subject to a final order of removal must comply with certain conditions of release. 8 U.S.C. § 1231(a)(3), (6).

The revocation of that release is governed by 8 C.F.R. § 241.13(i), which authorizes revocation of a noncitizen's release for purposes of removal in compliance with § 241.4.

> Together, the statutory and regulatory language sets forth three requirements to protect a noncitizen's right to due process: (1) the noncitizen must be informed of the basis for revocation; (2) the noncitizen must be provided a "prompt" opportunity to present evidence and explain why revocation is not warranted; and (3) if the revocation is discretionary in nature, it must be made by an appropriate official.

> Esmail v. Noem, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030590, at *2 (C.D. Cal. Sept. 12, 2025) (citing § 241.13(i)(3); § 241.4(l)(2)).

The authority to revoke parole for removal is delegated to the Executive Associate Commissioner or "district director may also revoke release of an alien when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner." § 241.4(l)(2). A district director is

> pursuant to delegation from the Secretary of Homeland Security or any successive re-delegation, the terms mean, to the extent that authority has been delegated to such official: asylum office director; director, field operations; district director for interior enforcement; district director for services; field office director; service center director; or special agent in charge. The terms also mean such other official, including an official in an acting capacity, within U.S. Citizenship and Immigration Services, U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement, or other component of the Department of Homeland Security who is delegated the function or authority above for a particular geographic district, region, or area.

> 8 CFR § 1.2.

"It is well-established that government agencies are required to follow their own

2

regulations." Constantinovici v. Bondi, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025) (citing United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268, 74 S.Ct. 499, 98 L.Ed. 681 (1954); United States v. Ramos, 623 F.3d 672, 683 (9th Cir. 2010)). In light of this, district courts have found it is appropriate to order the release of immigration detainees when it is determined that ICE violated their own policies when effectuating the detention of a noncitizen. See Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (finding petitioner likely to succeed on his unlawful re-detention claim because "there is no indication that an informal interview was provided"); Rombot v. Souza, 296 F. Supp. 3d 383, 387 (D. Mass. 2017)(ordering petitioner's release because "the record does not show" that ICE followed the requirements to revoke release as set forth in § 241.4); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 164 (W.D.N.Y. 2025) (finding petitioner's due process rights were violated when ICE failed to comply with § 241.4 when revoking petitioner's release due to violations of the conditions of release); Saeid Baniasadi v. Fereti Semaia, No. EDCV 26-01275-MWF(DSR), 2026 WL 851358 (C.D. Cal. Mar. 25, 2026)(ordering a petitioner's release upon finding petitioner is likely to succeed on his claim that the revocation of his release was not in accordance with § 241.4).

Here, Petitioner's letter informing him of the revocation of his release is signed by the "Supervisory Detention and Deportation Officer."  ECF No. 7-1 at 6. There is nothing in the record to show that the Executive Associate Commissioner made the determination to revoke Petitioner's release. Nor is there evidence that a district director revoked Petitioner's release, after determining that "in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner." § 241.4(l)(2). Finally, there is no evidence that the district director's authority has been delegated to the "Supervisory Detention and Deportation Officer," as required by 8 CFR § 1.2.

Based on the foregoing, the undersigned recommends:

1.	It is RECOMMENDED that Petitioner's petition for writ of habeas corpus, ECF No. 1, be GRANTED as Petitioner's detention violates the INA;

2.	It is RECOMMENDED that Petitioner Liang Zhang, A-087-851-107, be

3

RELEASED IMMEDIATELY from Respondents' custody upon the same conditions as his prior release, with his belongings. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

3.      It is RECOMMENDED that Respondents be ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with 8 C.F.R. § 241.13(i) and § 241.4(l)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 20, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE